IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JERRY D. SELLERS, JR.,**

                **Petitioner,**

      v.                                              CASE NO. 19-3074-SAC

**DONALD LANGFORD,**

                **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner's amended petition for writ of habeas corpus (Doc. 24), his motion to stay proceedings (Doc. 25), and his motion for evidentiary hearing (Doc. 26), all filed on December 30, 2021. The motions are denied, for the reasons set forth in this order. The Court also has conducted an initial review of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that some of the claims within are not exhausted and are now procedurally defaulted. Accordingly, the Court will direct Petitioner to show cause why the procedurally defaulted claims should be considered on their merits.

**Background**

In June 2011, Petitioner was convicted in the District Court of Saline County of 38 counts of sexual exploitation of a child based on possession of child pornography. *State v. Sellers*, 2013 WL 4404175, *1-2 (Kan. Ct. App. 2013) (*Sellers I*), *rev. denied* June 17, 2014. He appealed his convictions, and the Kansas Court of

Appeals (KCOA) affirmed in August 2013. *Id.* The Kansas Supreme Court (KSC) denied his petition for review on June 17, 2014.

Petitioner then filed a motion for state habeas corpus relief pursuant to K.S.A. 60-1507, in which he "alleged prosecutorial misconduct, bias and prejudice against him by the trial court, ineffective representation by his appellate attorney, and cumulative error." *Sellers v. State*, 2018 WL 2072656, *1 (Kan. Ct. App. 2018) (*Sellers II*), *rev. denied* Jan. 17, 2019. The district court denied the motion without holding a hearing and Petitioner appealed to the KCOA. *Id.* The KCOA affirmed the denial in May 2018 and the KSC denied the petition for review in January 2019.

Petitioner then filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) After a preliminary review of the petition, the Court determined that it needed more information to decide whether the petition was timely, so it ordered the respondent to file a limited pre-answer response. (Doc. 7.) Respondent did so on July 23, 2021 (Doc. 11), and Petitioner filed a response (Doc. 17), after which the Court determined that the petition was timely filed. In the order ruling on the timeliness issue, the Court also granted Petitioner's motion to file an amended petition to incorporate additional material. (Doc. 20.) Petitioner filed the amended petition on December 30, 2021. (Doc. 24.) As required by Rule 4, the Court has conducted a preliminary review of the amended petition.

**Exhaustion**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544

(10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [a petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the KSC and the KSC must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). The Court will examine each asserted ground for relief in turn to determine whether Petitioner has met this burden.

### Ground One

As Ground One, Petitioner asserts that his right to due process under the Fourteenth Amendment to the United States Constitution was violated "when the trial court committed reversible error when it continually denied [his] pretrial, trial, and post-trial motions." (Doc. 24-1, p. 8.) To support this assertion, Petitioner points to the denial of "motions for dismissal, for acquittal, and for new trial" and he represents that the motions in question persuasively argued that the State had failed to prove beyond a

reasonable doubt every element of the charged crimes. *Id.* at 8-9.

As Petitioner concedes, he did not raise this issue in his direct appeal. (Doc. 24, p. 5.) *See also* Petitioner's KCOA Brief, 2012 WL 6569693, *8-10. He asserts that he raised it in his 60-1507 proceeding, but concedes that he did not raise it on appeal from the denial of his 60-1507. (Doc. 24, p. 5.) Because Petitioner did not make the arguments now contained in Ground One to the state appellate courts, Ground One is unexhausted.

## Ground Two

In Ground Two, Petitioner asserts that his constitutional rights to due process, confrontation, and a fair trial were violated when the prosecution "and other State agents" withheld, failed to obtain, and failed to preserve "exculpatory impeachment evidence." (Doc. 24-1, p. 10.) Petitioner contends that the State failed to present cellphone provider records to support testimony about text messages and phone calls that supposedly implicated him in the crimes. *Id.* He further asserts that the State knowingly presented false testimony that the child pornography in question was found while looking for images for a school project and that Detective Moreland had contact with Petitioner. *Id.* at 10-11. Relatedly, Petitioner contends that the State presented unverified testimony, which he argues violated his right to a fair trial, and that the State had evidence suggesting a key witness was willing to perjure herself. *Id.* at 11-12.

Petitioner concedes that he did not raise this issue on direct appeal. (Doc. 24, p. 7.) *See also* Petitioner's KCOA Brief, 2012 WL 6569693, *8-10. He asserts that he raised Ground Two in his 60-1507 motion to the state district court, but again concedes that he did

not raise in in the subsequent appeal. (Doc. 24, p. 7-8.) Accordingly, as with Ground One, Ground Two is unexhausted.

### Ground Three

Petitioner was convicted of violating K.S.A. 21-3516(a)(2), which criminalizes

> "'[p]ossessing any visual depiction, including any photograph, film, video picture, digital or computer generated image or picture . . . where such visual depiction of a child under 18 years of age is shown or heard engaging in sexually explicit conduct with intent to arouse or satisfy the sexual desires or appeal to the prurient interest of the offender . . . .'" *Sellers I*, 2013 WL 4404175, at *2.

In Ground Three, Petitioner claims that his constitutional due process rights were violated when the charges against him were submitted to the jury even though the State had not proven that he possessed the pornography, that he had the requisite prurient interest, or that he did so on dates between August 31, 2005 through August 31, 2007, as he was charged with doing. (Doc. 24-1, p. 12-15.)

Petitioner asserts that his direct appeal counsel raised insufficiency of the evidence only as to the element of prurient interest. (Doc. 24, p. 8.) He asserts that he raised Ground Three in its entirety in his initial 60-1507 motion, but he concedes that he did not raise it on appeal from the denial of that motion. *Id.* at 8-9.

A review of the brief filed in Petitioner's direct appeal reflects that his counsel argued that the State failed to present

sufficient evidence to prove prurient interest and failed to present sufficient evidence to prove that Petitioner intentionally possessed the images. See Appellant's KCOA Brief, 2012 WL 656963, *3-7. Thus, to the extent that Petitioner argues there was insufficient evidence to prove the elements of possession and prurient interest, the arguments in Ground 3 are exhausted. Petitioner's argument regarding insufficient evidence to show the dates on which he allegedly committed the crimes, however, is unexhausted.

### Ground Four

As Ground Four, Petitioner asserts that prosecutorial misconduct during closing argument violated his constitutional rights to due process and a fair trial, as well as his Fifth Amendment right against self-incrimination. (Doc. 24-1, p. 15.) Petitioner points to statements by the prosecutor that he believes (1) attached a negative connotation to his exercise of his right to remain silent, (2) improperly inserted the prosecutor's personal opinion that was based on knowledge outside of the evidence presented to the jury; and (3) drew unreasonable inferences based on the evidence submitted at trial. *Id.* at 15-16. Petitioner concedes that he did not exhaust his state remedies for Ground Four. (Doc. 24, p. 10-11.) Thus, Ground Four is unexhausted.

### Ground Five

As Ground Five, Petitioner asserts ineffective assistance of direct-appeal counsel by failing to argue that the district court erred in ruling on motions, particularly in allowing the State to present the crimes as a continuous course of conduct and denying defense motions arguing insufficiency of the evidence and seeking

to introduce evidence of a "blackmail statement" by Petitioner's wife. (Doc. 24-1, p. 16-17.) In addition, Petitioner contends that direct-appeal counsel was ineffective by failing to argue that the State failed to prove the dates on which the crimes occurred, there was insufficient evidence to support the convictions; prosecutorial misconduct in closing argument, and the unverified dates of the alleged crimes violated Petitioner's right to protection against double jeopardy. *Id.* Finally, Petitioner argues that direct-appeal counsel was ineffective for failing to argue that the errors she raised affected the outcome of the trial. *Id.* at 17.

Petitioner asserts that he raised this issue in his 60-1507 motion to the district court but concedes that he did not raise it in the subsequent appeal. (Doc. 24-1, p. 2-3.) Because the arguments now contained in Ground Five were not presented to the state appellate courts, they are unexhausted.

### Ground Six

As Ground Six, Petitioner contends that the cumulative effect of the trial errors denied him a fair trial and violated his right to due process. (Doc. 24-1, p. 17-18.) He states that he did not raise this issue in his direct appeal because the "[i]ssues involved cumulative affect [*sic*] of trial proceedings in post-conviction remedies." *Id.* at 4. Petitioner asserts that he raised it in his 60-1507 motion but not in the subsequent appeal. *Id.*

Petitioner's direct-appeal counsel did raise a cumulative error argument based on the errors asserted in the direct appeal: insufficient evidence and denial of the motion for mistrial based on the State's failure to fully disclose its expert's investigation. See Petitioner's KCOA Brief, 2012 WL 6569693, *10-11. The KCOA

rejected the cumulative error argument on its merits. *Sellers I*, 2013 WL 404175, at *4. Petitioner filed a petition for review in the KSC and, for the limited purposes of screening this matter, the Court will presume that the issue was included in the petition for review. Thus, only to the extent that it is based on the same grounds as raised in the direct appeal, Ground Six was exhausted. To the extent that Petitioner now argues cumulative error based on an aggregation of errors not raised in the direct appeal, Ground Six remains unexhausted.

### Ground Seven

As Ground Seven, Petitioner asserts that he is actually innocent of the crimes of conviction and that his conviction was an unconstitutional miscarriage of justice. (Doc. 24-1, p. 18.) Petitioner did not raise this issue on direct appeal. *Id.* at 5. *See also* Petitioner's KCOA Brief, 2012 WL 6569693, *8-10. Petitioner asserts that he raised Ground Seven in his 60-1507 motion but did not argue it on appeal from the denial of his 60-1507 motion. (Doc. 24-1 at 5-6.) Thus, it is unexhausted.[1]

As explained above, Petitioner failed to exhaust his state-court remedies on the arguments and issues he now presents to this Court as Grounds One, Two, Four, Five, Seven, and parts of Ground

---

[1] In addition, Ground Seven would be subject to dismissal for failure to state a cognizable ground for federal habeas relief. "The United States Supreme Court has repeatedly sanctioned" actual innocence claims as creating an exception to the federal habeas statute of limitations, but it "has never recognized freestanding actual innocence claims as a basis for federal habeas relief. To the contrary, the Court has repeatedly rejected such claims, noting instead that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings.'" *Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019) (quoting *Herrera v. Collins*, 506 US. 390, 400 (1993)). Thus, even if Ground Seven had been exhausted in state court, it would remain subject to dismissal in this matter.

Three and Six. Thus, this is a mixed petition—one that contains both exhausted and unexhausted claims.

**Mixed Petition**

Generally, a federal district court faced with a mixed petition must either dismiss the entire petition without prejudice so that the petitioner may return to state court to exhaust his or her claims or allow the petitioner to resubmit the petition and present only exhausted claims.[2] *Fontenot v. Crow*, 4 F.4th 982, 1019 (10th Cir. 2021), *pet. for cert. filed* Jan. 6, 2022. But that rule is not absolute:

> "'If a federal court that is faced with a mixed petition determines that the petitioner's unexhausted claims would now be procedurally barred in state court, "there is a procedural default for purposes of federal habeas."' 'Therefore, instead of dismissing the entire petition, the court can deem the unexhausted claims procedurally barred and address the properly exhausted claims.' That is, in appropriate circumstances the court can apply an 'anticipatory procedural bar' to functionally transform unexhausted claims into exhausted ones, thus obviating the need to dismiss a mixed petition." *Id.* at 1019 (internal citations and omitted).

If Petitioner were to return to the state courts to pursue state-court remedies on the unexhausted issues in this petition, the state courts would likely find his claims to be procedurally

---

[2] A third option for a federal district court faced with a mixed petition is to "stay the federal habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust the previously unexhausted claims." *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016). In this instance, however, it does not appear that there are any available avenues for state-court exhaustion of Petitioner's unexhausted claims.

barred on independent and adequate state procedural grounds. Petitioner has already pursued one motion for relief under K.S.A. 60-1507, and subsection (c) of that statute states that "[t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

Because Kansas state courts likely would deem the unexhausted claims now articulated in this federal habeas petition procedurally barred, there is a procedural default of those claims for purposes of federal habeas review. Procedurally defaulted claims are treated as "effectively exhausted" for purposes of whether this must be dismissed as a mixed petition. *See Fontenot*, 4 F.4th at 1027. Accordingly, because all claims in the amended petition are either actually or "effectively" exhausted, the Court is not required to utilize the options available for mixed petitions.

Yet this Court may not consider the procedurally defaulted grounds for relief on their merits unless Petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *see also Fontenot*, 4 F.4th at 1022 ("'[A] finding of cause and prejudice . . . allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted.'"

To demonstrate cause, Petitioner must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rules." *See Murray v. Carrier*,

477 U.S. 478, 488 (1986). If Petitioner fails to demonstrate cause[3] for the procedural default, the Court need not consider whether he can establish the requisite prejudice. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995).

The "fundamental miscarriage of justice" exception is available to overcome procedural default only in the "extraordinary" case of one who is "innocent of the crime." *Gilbert v. Scott*, 941 F.3d 1065, 1068 n.2 (10th Cir. 1991). To support a claim of actual innocence, Petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *See Schlup v. Delo*, 513 U.S. 298, 327 (1995). Ordinarily, this exception "requires [the] petitioner to support his allegation of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

**Conclusion**

A review of the amended petition reveals that Petitioner has not exhausted state-court remedies on Grounds One, Two, Four, Five, Seven, part of Ground Three (the argument of insufficient evidence of the dates on which the crimes were committed) and part of Ground Six (the argument for cumulative error based on errors not asserted in the direct appeal). Under Kansas state law, however, it is likely that the state courts would at this point find additional efforts

---

[3] The Court points out that Petitioner may not assert the ineffectiveness of his 60-1507 appellate counsel as cause for the default unless he demonstrates that he has argued to the state courts that his 60-1507 appellate counsel provided unconstitutionally deficient representation. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (holding that ineffective assistance of counsel "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'").

to seek state-court relief on these grounds procedurally barred. Accordingly, this Court will apply an anticipatory procedural bar to these claims. The anticipatory procedural bar means that the Court may not consider these grounds for relief on their merits unless Petitioner demonstrates (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that the failure to consider the claims will result in a fundamental miscarriage of justice.

Thus, with respect to Grounds One, Two, Four, Five, and Seven in their entirety, as well as the portions of Grounds Three and Six identified above as procedurally defaulted, the Court will grant Petitioner the opportunity to demonstrate in writing the required cause and prejudice or demonstrate that failure to consider the merits of the claims will result in a fundamental miscarriage of justice.

**Pending Motions**

Also pending before the Court is Petitioner's "Motion to Stay Proceedings Pending Resolution of Motion to Recall Mandate." (Doc. 25.) Therein, Petitioner asks this Court to stay these proceedings pending resolution of his motion to recall mandate filed in *Sellers v. Langford*, case number 21-3027, in the Tenth Circuit Court of Appeals. *Id.* at 1. The online docket of the Tenth Circuit reflects that in a letter dated January 10, 2022, the Clerk of Court advised Petitioner that no mandate was issued in case number 21-3207, so the motion to recall the mandate was neither filed nor submitted to the Tenth Circuit. Accordingly, the "Motion to Stay Proceedings Pending Resolution of Motion to Recall Mandate" (Doc. 25) is **denied**.

Finally, Petitioner has filed a "Motion for Evidentiary

Hearing." (Doc. 26.) Therein, he seeks permission to conduct discovery and asks that the Court hold an evidentiary hearing "to address the newly discovered exculpatory evidence that will prove prosecutorial error and suppression of evidence." *Id.* at 1. As explained above, however, it is not yet determined whether this Court may reach the merits of Petitioner's claims of suppression of evidence by the State (as articulated in Ground Two). Thus, the request for discovery or an evidentiary hearing is premature. The motion for evidentiary hearing is **denied**.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including February 14, 2022, to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this Court should consider the merits of the grounds for relief this order identifies as procedurally defaulted.

**IT IS FURTHER ORDERED** that Petitioner's "Motion to Stay Proceedings Pending Resolution of Motion to Recall Mandate" (Doc. 25) and Petitioner's Motion for Evidentiary Hearing (Doc. 26) are **denied**.

**IT IS SO ORDERED.**

DATED:  This 14th day of January, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge