**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JERRY D. SELLERS, JR.,**

                     **Petitioner,**

        v.                                                **CASE NO. 19-3074-SAC**

**DONALD LANGFORD,**

                     **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner was convicted by a jury of possessing pornographic pictures and movies of children under 18 years of age over a 2-year period. The materials were discovered by his wife on the family computer in 2005 while she was assisting her daughter with a school report. *State v. Sellers*, 305 P.3d 48 (Kan. Ct. App. 2013).

By its order of January 14, 2022, the court examined the seven grounds for relief presented in the amended petition and determined that the claims presented in Grounds 1, 2, 4, 5, and 7 were unexhausted and barred by procedural default and that portions of the claims presented in Grounds 3 and 6 also were defaulted. The court therefore directed petitioner to show why these claims should not be dismissed under the governing standards requiring either a showing of cause and prejudice for the default or that manifest injustice will occur if the defaulted claims are not reviewed.

Petitioner filed a response. He argues that because the

prosecution suppressed exculpatory evidence, his trial and appellate counsel "were unable to comply with the procedural rules". (Doc. 24, p. 3.) He also argues that prosecutorial misconduct constitutes cause to excuse procedural default (*id.*, p. 4) and that prejudice occurred "because the State's willful and deliberate withholding and concealment of exculpatory impeaching evidence and fraud-upon-the-court led to a complete forfeiture of Petitioner's right to a fair trial, due process, and effective assistance" (*id.*, p. 7). Finally, petitioner asserts a claim of actual innocence based upon "newly discovered evidence" *id.*, p. 9).

The suppressed evidence in question appears to be Alltel cell records and related documents (Doc. 1, p. 5), school records (Doc. 24-1, p. 10), and a recording of a January 21, 2008, telephone call in which Detective Holton told petitioner's wife not to make inquiries concerning petitioner's whereabouts or bond, to which she replied that she would deny having done so (Doc. 24-1, pp. 10-11).

For several reasons, the court finds that petitioner cannot show sufficient cause and prejudice to excuse his procedural default.

First, it appears that petitioner presented a *Brady* claim and a claim of ineffective assistance of counsel in a post-conviction motion filed under K.S.A. 60-1507 but failed to properly support them. The district court summarily denied relief, and the Kansas Court of Appeals stated:

> Sellers next argues that the district court erred by summarily dismissing his claim without a hearing. While Sellers raised four issues in his motion for postconviction relief, in his brief to our court, he discusses only his claim that his appellate counsel in the direct appeal, Christina Kerls, provided inadequate assistance. Sellers has not provided any facts or citations to the record to support any of the other claims

he originally raised in his habeas motion.
Thus, Sellers has limited himself to his claim of ineffective assistance of counsel. See *State v. Reu-El*, 306 Kan. 460, 471, 394 P.3d 884 (2017) (finding that issues raised in district court but not advanced on appeal are considered abandoned).
There's another procedural hurdle that we must consider. The Kansas habeas statute provides that the habeas claim generally must be made within one year of the termination of appellate jurisdiction over the defendant's direct appeal unless an extension of that time limit is needed "to prevent a manifest injustice." K.S.A. 60-1507(f). Appellate jurisdiction over Sellers' direct appeal ended on June 17, 2014—when our Supreme Court denied review of his case. See *Sellers*, 2013 WL 4404175, *rev. denied* 299 Kan. 1273 (2014); see also *Burton v. State*, No. 100,555, 2009 WL 4639354, at *1 (Kan. App. 2009) (unpublished opinion) (citing *Tolen v. State*, 285 Kan. 672, 673, 176 P.3d 170 [2008]) (finding that appellate jurisdiction terminates when Supreme Court denies petition for review). Sellers filed his motion on June 8, 2015—less than a year after appellate jurisdiction ended—so his motion was timely. But Sellers didn't file his supplemental motion until August 3, 2015, well past the June 17, 2015 deadline. The district court decided that it wouldn't consider the facts in Sellers' supplemental motion since it wasn't timely filed.
On appeal, Sellers argues that facts asserted in his supplemental motion, when considered along with the rest of the court's record of his case, warranted a hearing. But Sellers doesn't explain why this court should consider his untimely supplemental motion, and he doesn't claim consideration of the supplemental motion is necessary to prevent manifest injustice. Nor does he cite in his appellate brief to specific facts within the supplemental motion that present a viable claim. As a result, to decide this appeal, we will not consider the factual allegations made in that supplemental motion.
We turn now to the question presented in this appeal—whether, based on the claims Sellers made in his original motion, the district court should have granted Sellers a hearing on the claim that his attorney in the direct appeal provided inadequate representation. A district court may summarily deny an inmate's habeas claim without holding an evidentiary hearing when the motion and the court's file conclusively show that the prisoner isn't entitled to relief. K.S.A. 60-1507(b). When the district court does so, we independently review the motion and case file to determine whether the district court was right—that they conclusively show that the prisoner wasn't entitled

> to relief. *Mundy*, 307 Kan. at 304. The inmate has the burden to prove that he is entitled to an evidentiary hearing. To meet this burden, the inmate must make more than conclusory contentions and the claims must be supported either by facts stated in the motion or by evidence that appears in the court's record. *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015) (citing *Trotter v. State*, 288 Kan. 112, 131-32, 200 P.3d 1236 [2009]).
> In his motion, Sellers made some general claims by reference to the names of some United States Supreme Court cases about the rights of criminal defendants. He alleged that his attorney's representation on direct appeal was ineffective because she failed to investigate and raise "Winship/Jackson ... [and] Brady" violations. He said those failures resulted in the State's bolstering of witnesses, misrepresenting the law, and committing prosecutorial misconduct. Sellers also argued that his attorney failed to challenge some of the State's evidence "regarding the third element of the crime...."
> But Sellers didn't point to specific facts that would support his claim. He did not explain what happened at trial to violate the "Winship/Jackson ... [and] Brady" doctrines, and he didn't explain why his attorney should have challenged the State's evidence at trial. His claims in this appeal are similarly nonspecific: "Of all of Sellers' allegations, the ones most entitled to an evidentiary hearing were his contentions that appellate counsel was ineffective, particularly her failure to argue issues Sellers had asked her to raise, including a *Brady* violation, and the denials of motions made and preserved by trial counsel."
> Without more specific facts about why his attorney should have raised these issues on appeal and how these were viable issues, Sellers' habeas motion is one that the Kansas Supreme Court would consider so "conclusory and inadequate" that no evidentiary hearing was required. See *Trotter*, 288 Kan. at 135. Thus, the district court did not err in summarily dismissing the motion without holding an evidentiary hearing.

*Sellers v. State*, 416 P.3d 1048, 2018 WL 2072056, at ** 2-3 (Kan. Ct. App. 2018).

The United States Supreme Court has held that for ineffective assistance of counsel to "be used to establish cause for a procedural default," it first "generally must be presented to the state courts

as an independent claim." *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) (internal quotation marks and citation omitted). The petitioner must do more than allege deficient performance; the petitioner instead must show that counsel's "assistance [was] so ineffective as to violate the Federal Constitution." *Carpenter*, 529 U.S. at 451; *see also Coleman*, 501 U.S. at 753-54 (explaining that "[a]ttorney ignorance or inadvertence is not 'cause,'" but "[a]ttorney error that constitutes ineffective assistance of counsel is cause.").

    Here, petitioner cannot meet this standard. He asserted claims of a *Brady* violation and ineffective assistance, but, as explained by the Kansas Court of Appeals, he did not support the claims sufficiently to merit relief.

    In addition, petitioner's assertions concerning exculpatory evidence are not conclusive. First, it is not clear that any relevant records were produced by Alltel. In response to petitioner's complaint alleging a violation of the Kansas Open Records Act (KORA), the Office of the Kansas Attorney General responded that no records had been located by the prosecutor's office. (Doc. 24-1, pp. 30-32)("After he received our investigative inquiry, [the current county attorney] searched the case file in *State v. Sellers,* Case No. 07 CR 1088 that is in his possession and did not locate any Alltel phone records.").

    Likewise, although petitioner asserts that school records show that no school report was assigned at the time his wife discovered the pornographic images, he has not supported that claim. His amended

petition states that the supporting record is attached, but the court has found no such record. (Doc. 24-1, p. 10).

Finally, petitioner contends that a recording of a phone call between his wife and a detective on January 21, 2008, contains exculpatory information. In their conversation, which arose incident to a different criminal action against the petitioner, the detective allegedly advises Ms. Sellers not to make any inquiries concerning petitioner's whereabouts or bond, and she responds by saying that she would say she did not call the police department. Petitioner reasons that this exchange shows that Ms. Sellers would lie. The court does not find this argument persuasive.

Accordingly, the court concludes that petitioner cannot show cause for procedural default arising from a *Brady* violation or a related, alleged failure to provide effective assistance of counsel. Therefore, the court will deny the motion to stay this matter and will direct a response only to those claims in his amended petition identified in the court's order of January 22, 2022, namely, the limited portions of Grounds Three and Six, namely, the sufficiency of the evidence to prove the elements of possession and prurient interest and cumulative error based upon the sufficiency of the evidence and the denial of petitioner's motion for a mistrial. *See* Doc. 27, pp. 6-9.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to stay proceedings (Doc. 35) is denied.

IT IS FURTHER ORDERED that respondent is directed to file a

response on the limited issues identified herein. That respondent shall show cause within thirty (30) days from the date of this order why the writ should not be granted.

1. The response should present:

    (a) The necessity for an evidentiary hearing on each of the grounds identified as requiring a response; and
    (b) An analysis of each of said grounds and any cases and supporting documents relied upon by respondent in opposition to the same.

2. Respondent shall cause to be forwarded to this court for examination and review the records and transcripts, if available, of the state proceedings complained of by petitioner; if a direct appeal of the judgment of the trial court was taken by petitioner, respondent shall furnish the records, or copies thereof, of the appeal proceedings.

Upon the termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

4. That petitioner is granted thirty (30) days after receipt by him of a copy of respondent's answer and return to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained.

5. That the clerk of the court shall then return this file to the assigned judge for such other and further proceedings as may be appropriate; and that the clerk of the court shall transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:  This 3rd day of June, 2022, at Topeka, Kansas.

```
                              S/ Sam A. Crow

                              SAM A. CROW
                              U.S. Senior District Judge
```