**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JERRY D. SELLERS, JR.,**

      **Petitioner,**

   v.              CASE NO. 19-3074-SAC

**DONALD LANGFORD,**

      **Respondent.**

### ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. It comes before the court on petitioner's motion to voluntarily dismiss and on respondent's motion to stay the briefing schedule.

The court has considered petitioner's motion and enters this notice to advise him that if this matter is dismissed, he may be unable to proceed in a future petition challenging the same convictions due to the expiration of the one-year limitation period governing this action.

However, in *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court, recognized that district courts may stay habeas petitions and hold them in abeyance "in limited circumstances" "while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* at 275, 277. *See Pace v. DeGuglielmo*, 544 U.S. 408, 416 (2005) (recognizing that a prisoner may file a "'protective' petition in federal court and ask[ ] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.").

The authority to grant a stay is not unlimited. Instead, a stay is appropriate only where the court finds good cause for the

petitioner's failure to exhaust his claims first in state court and finds that the claims are not plainly without merit. *Id*. at 277. Also relevant is whether the petitioner has intentionally delayed pursuing the unexhausted claims. *See Fairchild v. Workman*, 579 F.3d 1134, 1153 (10th Cir. 2009).

Accordingly, the court will direct petitioner to advise the court whether he wishes to withdraw the motion for voluntary dismissal; if so, he must show cause why this action is appropriate for a stay. In addition, if petitioner is presently seeking relief in the state courts, he must provide information on the status of any such action.

The court will grant respondent's motion for a stay of the briefing schedule in this matter.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **July 22, 2022,** to advise the court whether he wishes to withdraw the motion for voluntary dismissal and seek a stay in this matter; if so, he must show cause why a stay is appropriate. Respondent is granted to and including **August 5, 2022,** to reply.

IT IS FURTHER ORDERED respondent's motion to stay the briefing scheduled (Doc. 44) is granted.

**IT IS SO ORDERED**.

DATED:  This 1st day of July, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge