## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JERRY D. SELLERS, JR.,**

**Petitioner,**

**v.**                                                    **CASE NO. 19-3074-JWL**

**DONALD LANGFORD,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus under 28 U.S.C. § 2254 that was filed pro se by Petitioner Jerry D. Sellers, Jr. Petitioner challenges his state-court convictions of 38 counts of sexual exploitation of a child based on possession of child pornography. Having considered Petitioner's claims, together with the state-court record and relevant legal precedent, the Court concludes that Petitioner is not entitled to federal habeas corpus relief and denies the petition.

### Nature of the Petition

Petitioner seeks relief from his convictions of sexual exploitation of a child. He raises seven grounds for relief. The Court previously ruled that Grounds One, Two, Four, Five, Seven, and portions of Grounds Three and Six were subject to an anticipatory procedural bar because they were not exhausted in state court and the state courts would now likely deem them procedurally barred. (*See* Docs, 27, 42.) Federal courts generally cannot consider the merits of a claim that is procedurally defaulted in this manner, although there are certain exceptions to the general rule. *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1733 (2022) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), for the principle that "federal courts may excuse procedural default only if a prisoner

1

'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law'"); *Fontenot v. Crow*, 4 F.4th 982, 1022 (10th Cir. 2021) )"'"[A] finding of cause and prejudice . . . allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted."); *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007).

The Court gave Petitioner the opportunity to show cause why the procedurally defaulted claims should be considered on their merits. (Doc. 27.) Petitioner filed a 24-page response to the show cause order (Doc. 34-1) arguing that the Court should consider the merits of the claims, but the Court was not persuaded. (*See* Doc. 42.) Thus, the Court concluded that it may not consider the merits of the procedurally defaulted arguments in Grounds One, Two, Four, Five, Seven, and portions of Grounds Three and Six. Consequently, Petitioner is not entitled to federal habeas relief on those grounds.

The two remaining, properly exhausted asserted grounds for relief are: (1) the remainder of Ground Three, in which Petitioner argues his constitutional due process rights were violated when the charges against him were submitted to the jury even though the State had not presented sufficient evidence to show that he intentionally possessed the images and that he had the requisite prurient interest[1] and (2) the remainder of Ground Six, in which Petitioner argues that cumulative error requires federal habeas relief. (See Doc. 42, p. 6.)

---

[1] Petitioner argues in his traverse that there was insufficient evidence that he committed the alleged crimes within the time period charged. (*See* Doc. 65, p. 8, 10-13,15, 27-31.) As this Court has previously ruled, this argument is subject to an anticipatory procedural bar—in other words, it is procedurally defaulted—and Petitioner has failed to establish grounds on which this Court could nevertheless consider the merits of this claim. (*See* Doc. 27, p. 6 (holding argument about dates was unexhausted), p. 9-11 (concluding it is subject to an anticipatory procedural bar); Doc. 42 (finding Petitioner failed to show cause why this Court could consider the merits of the claim despite the procedural bar).) Thus, the Court will not further address Petitioner's arguments regarding the sufficiency of the evidence to show that he committed the alleged crimes within the charged time period. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996) (A petitioner's unexhausted claim that is barred by anticipatory procedural default cannot be considered in habeas corpus unless he establishes cause and prejudice for his default of state court remedies or establishes a fundamental miscarriage of justice.).

## Factual and Procedural Background

The following facts are taken from the Kansas Court of Appeals (KCOA) opinion in Petitioner's direct appeal.[2]

>"Jolana Sellers, Jerry Sellers' wife, discovered child pornography on her family's computer some time in 2005 while assisting her daughter with a school project. The pictures appeared on the computer when they were searching for 'clip art' picture files. Jolana confronted her husband, Jerry Sellers, about the files and he said he '"would try to assess them and get rid of them."' Jolana suspected Jerry of being responsible for the files. She made a copy of the pictures and kept the CD–R 'in the top of the closet like behind a box' so that Jerry 'couldn't deny that anything was ever on the computer.' Jolana testified generally about Sellers' computer habits: he was 'always ... surfing the internet,' including 'into the late evenings' and 'one or two o'clock in the morning.'

>"Jolana took the CD–R to the Salina Police Department on August 31, 2007. Officer Moreland verified the CD–R contained images of child pornography and then obtained permission to retrieve the Sellers' computer. Detective Steinke from the Regional Criminal Forensics Laboratory (RCFL) analyzed a mirror image of the Sellers' computer's hard drive on which pornographic images and movies were discovered in active files. Steinke testified the CD–R contained copies of photographs that 'still reside[d]' on the computer.

>"The amended second complaint charged Sellers with 38 counts of sexual exploitation of a minor. The affidavit describes the contents of the CD, which was used in the original complaint, as containing 'photographs ... of prepubescent females and [adult] males engaged in sexual intercourse or sexual poses.' The evidence introduced at trial and retrieved from the computer generally conforms to those descriptions.

>"Sellers presented an alibi, including his military work records, to demonstrate that he was not present when some of the files were accessed or modified. At trial, Steinke explained that the lab was not able to verify the BIOS date and time on the computer tower because the computer would not boot. Steinke also explained various reasons why the 'created,' 'modified,' and 'accessed' dates on a computer file are not reliable. For instance, one file had a 'created' date that was *after* the 'modified' date. The created, accessed, and modified dates for each count were read into the record.

---

[2] The Court presumes that the state court's findings of fact are correct unless Petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Although Petitioner generally argues that these facts are inaccurate, in the sense that he maintains his innocence of the charged crimes, he has not presented clear and convincing evidence in support of that argument, so he has failed to rebut the presumption that the facts in the KCOA opinion are correct.

> "The State also presented extensive evidence about the location on the hard drive where the active files were found, in hidden system folders that would not be easy for someone to find. All of the files were found under an "AFATDS" folder and subfolder, which Steinke did not recognize. Steinke looked up the acronym just prior to testifying using Google and discovered that it probably stood for 'Advanced Field Artillery Tactical Data System.'

*State v. Sellers*, 2013 WL 4404175, *1-2 (Kan. Ct. App. 2013) (unpublished opinion) (*Sellers I*), *rev. denied* June 17, 2014.

A jury convicted Petitioner of 38 counts of sexual exploitation of a child based on possession of child pornography and the state court sentenced him to life in prison without the possibility of parole. *Id.; Sellers v. State*, 2018 WL 2072656, *1 (Kan. Ct. App. 2018) (unpublished opinion) (*Sellers II*), *rev. denied* Jan. 17, 2019. He pursued a direct appeal but the KCOA affirmed his convictions and sentence and the Kansas Supreme Court (KSC) denied his petition for review. *See id.*; *Sellers I*, 2013 WL 4404175, at *1. Petitioner's subsequent state habeas corpus action under K.S.A. 60-1507 was similarly unsuccessful. *See Sellers II*, 2018 WL 2072656, at *1. On January 17, 2019, the KSC denied Petitioner's petition for review of the KCOA's opinion affirming the denial of the K.S.A. 60-1507 motion.

On April 25, 2019, Petitioner filed in this Court a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) He filed the operative amended petition on December 30, 2021. (Doc. 24.) Over the next seven months, the scope of this matter was narrowed to include only claims that are properly before this Court.  On August 16, 2022, the Court ordered Respondent to show cause why the writ should not be granted based on the two asserted grounds for relief that were properly exhausted. (Doc. 51.) Respondent filed his answer (Doc. 58) on December 13, 2022, and Petitioner filed his traverse (Doc. 65) on March 31, 2023.

**Standard of Review**

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, when a state court has adjudicated the merits of a claim, a federal court may grant habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). In this context, an "unreasonable application of" federal law "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks omitted).

The United States Supreme Court has recognized that claims of insufficient evidence to support state court convictions "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012).

> First, on direct appeal, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 132 S. Ct. 2, 4, 181 L. Ed. 2d 311 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (*quoting Renico v. Lett*, 559 U.S. 766, 130 S. Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)).

*Id.*

Finally, the Court presumes that the state court's findings of fact are correct unless Petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). *See also Wood v. Allen*, 558 U.S. 290, 301 (2010) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."). These standards are intended to be "difficult to meet," *Harrington v.*

*Richter*, 562 U.S. 86, 102 (2011), and require that state-court decisions receive the "benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

## Discussion

As noted above, two asserted grounds for relief remain for the Court's consideration: (1) Petitioner was convicted on insufficient evidence and (2) cumulative error requires reversal.[3]

## Sufficiency of the Evidence

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).

> "It is clearly established that 'the fundamental protection of due process of law ' requires that the evidence presented at a criminal trial, viewed in the light most favorable to the prosecution, be sufficient to allow '*any* rational trier of fact [to] have found the essential elements of the crime beyond a reasonable doubt.' *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)."

*Pavatt v. Carpenter*, 928 F.3d 906, 917 (10th Cir. 2019).

When a federal habeas petitioner challenges the sufficiency of the evidence supporting a conviction under state law, the Court must "first determine the elements of the offense and then examine whether the evidence suffices to establish each element. State law governs what the elements are." *Hawes v. Pacheco*, 7 F. 4th 1252, 1264 (10th Cir. 2021) (internal citations and

---

[3] In his traverse, Petitioner raises an additional issue based on an affirmative defense to unlawful possession of a visual description of a child, as recognized in K.S.A. 21-5610, which was enacted in 2016. (Doc. 65, p. 31.) This argument is not properly before the Court for consideration because Petitioner raised it for the first time in the traverse. Rule 5 of the Rules Governing Section 2254 Cases contemplates the filing of a petition, answer, and reply to the answer, and no further briefing. 28 U.S.C.A. foll. § 2254. *See also Francis v. Meyer*, No. 21-3079-DDC, 2022 WL 1404647 (D. Kan. May 4, 2022) (unpublished memorandum and order). But if the Court considers legal arguments raised for the first time in a traverse, it must first allow Respondent the opportunity to respond to those arguments. This type of sur-reply is neither contemplated by the applicable rules nor conducive to reaching finality of briefing in federal habeas matters. *See Humphries v. Williams Nat. Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, *1 (D. Kan. Sept. 23, 1998). This Court has long recognized that "[c]ourts routinely refuse to consider arguments first raised in a habeas traverse." *Martinez v. Kansas*, No. 5-3415-MLB, 2006 WL 3350653, *2 (D. Kan. Nov. 17, 2006) (unpublished order) (collecting cases); *See also LaPointe v. Schmidt*, No. 14-3161-JWB, 2019 WL 5622421, *5 (D. Kan. Oct. 31, 2019) (unpublished memorandum and order) (striking new claim from traverse). It sees no reason to deviate from this practice here.

quotation marks omitted). Evidence is constitutionally sufficient if, when "viewed in the light most favorable to the prosecution," it is "sufficient to allow *any* rational trier of fact [to] have found the essential elements of the crime beyond a reasonable doubt." *See Pavatt*, 928 F.3d at 917 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)).

The state statute under which Petitioner was convicted defined sexual exploitation of a child as

> "'[p]ossessing any visual depiction, including any photograph, film, video picture, digital or computer generated image or picture . . . where such visual depiction of a child under 18 years of age is shown or heard engaging in sexually explicit conduct with intent to arouse or satisfy the sexual desires or appeal to the prurient interest of the offender . . . .'"

*See Sellers I*, 2013 WL 4404175, at *2 (quoting K.S.A. 21-3516(a)(2)). The jury at Petitioner's trial was instructed in accordance with these elements. (Doc. 59-1, p. 1647-85.)

Petitioner argues to this Court that the State presented insufficient evidence at his trial to prove beyond a reasonable doubt the elements of possession and intent to satisfy his sexual desires or appeal to his prurient interests. In other words, Petitioner asserts there was insufficient evidence to convince any rational juror beyond a reasonable doubt that he possessed the images or that he had the required prurient interest. (Doc. 24-1, 13-14.) He raised and exhausted these arguments during his direct appeal to the KCOA, which analyzed and resolved them as follows.

> *"**Intentional Possession**
>
> "'When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]
>
> "'During our review, we do not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses. [Citation omitted.] Moreover, a conviction of even the gravest offense 'can be based entirely on circumstantial

evidence and the inferences fairly deducible therefrom. [Citations omitted.]'" *State v. McCaslin,* 291 Kan. 697, 710, 245 P.3d 1030 (2011).

. . . .

"The jury was instructed the State needed to prove Sellers 'intentionally possessed' the photographs and movies in order to find him guilty.

"On appeal, Sellers highlights the exculpatory testimony: he did not admit to knowing the pictures were on the computer, the computer could have been accessed by anyone, and several of the files had access dates that coincided with Sellers' deployments or work assignments. However, there is ample circumstantial evidence for the jury to have drawn the inference the photos were downloaded by Sellers: he was often on the computer late at night, he was knowledgeable about computers and could have hidden the files in the hidden folders, the children were usually supervised on the computer, the sexually explicit search terms that Jolana Sellers blocked from a file-sharing application had been unblocked, and Sellers eventually told Jolana he was 'sorry for everything.'

"In the light most favorable to the prosecution, there was sufficient evidence for the jury to determine Sellers downloaded the photographs and movies and find him guilty beyond a reasonable doubt. The State's evidence, both direct and circumstantial, reflects Sellers knowingly and intentionally possessed the files.

*"**Prurient Interest***

"Sellers next alleges there was no evidence he possessed the photographs and movies for his own prurient interest or sexual desires. The standard of review remains the same, 'in the light most favorable to the prosecution and determining whether a rational fact finder could have found the defendant guilty beyond a reasonable doubt.' *State v. Frye,* 294 Kan. 364, 375, 277 P.3d 1091 (2012).

"Here, the jury was faced with ample direct and circumstantial evidence that Sellers possessed the photographs and movies for his own prurient interest or sexual gratification. The pictures and videos are graphic depictions of sex between adult males and prepubescent females. The filenames also contain numerous references to sex, rape, and sex-related themes.

"It was reasonable, considering the pictures and videos along with the descriptive file names on Sellers' computer, for the jury to find Sellers possessed the photographs and movies for his own prurient interest or sexual desires. The State's evidence was more than sufficient to establish Sellers possessed the photographs and movies for his own prurient interest or sexual desires."

*Sellers I,* 2013 WL 4404175, at *2-3 (some internal quotation marks omitted).

In this federal habeas matter, Petitioner again highlights the evidence and testimony that weighed against his convictions. Essentially, he asks this Court to reweigh the evidence presented at trial and reach a different conclusion than both the jury and the KCOA. However, as noted above, the question before this Court is not whether it independently would have reached a different conclusion than the state court. *See Coleman*, 566 U.S. at 651. Rather, the question is whether "the state court decision was 'objectively unreasonable.'" *Id.* (citations omitted).

After carefully considering the state-court records, the KCOA's analysis of the insufficiency arguments, the relevant legal standards, and the parties' arguments, the Court finds that the KCOA utilized a standard of review in step with the federal standard of review on sufficiency of the evidence and the KCOA did not confront facts materially indistinguishable from a Supreme Court case yet come to a different result than the precedent. Accordingly, the KCOA's decision was not "contrary to" clearly established federal law. *See* 28 U.S.C. § 2254(d)(1) (allowing relief when a state court decision is "contrary to" clearly established federal law); *Harmon v. Sharp*, 936 F.3d 1044, 1056 (10th Cir. 2019) (defining "contrary to" clearly established federal law).

The remaining question is whether the KCOA's conclusion that the evidence was sufficient to support Petitioner's convictions was an objectively unreasonable application of the controlling law, *see* 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. § 2254(d)(2). The Court concludes that it was not. To the contrary, the Court agrees with the KCOA that the evidence, when viewed in the light most favorable to the prosecution, was sufficient for a rational juror to find beyond a reasonable doubt that Petitioner had possessed the illegal images and also that

Petitioner had the required prurient interest. Thus, Petitioner is not entitled to federal habeas relief on this ground.

**Cumulative Error**

Petitioner also asks this Court to find that cumulative error requires issuance of a writ of habeas corpus. (Doc. 24-1, p. 17-18.). Petitioner raised a cumulative error argument to the KCOA during his direct appeal, and the KCOA resolved the issue as follows:

> "On appeal, Sellers argues that 'even if alone none of the errors asserted ... are found to constitute reversible error, their cumulative effect was to deny [ ] Sellers a fair trial.'
>
> "'Cumulative trial errors, when considered collectively, may be so great as to require reversal of a defendant's convictions. The test is whether the totality of circumstances substantially prejudiced the defendant and denied the defendant a fair trial.' *State v. Ellmaker,* 289 Kan. 1132, Syl. ¶ 12, 221 P.3d 1105 (2009).
>
> "Sellers does not indicate how he was prejudiced by the accumulation of alleged trial errors. To sustain his argument, Sellers would have to show that '[t]he identified errors ... overtake the strength of the evidence against [him].' See *State v. Marks,* 297 Kan. 131, 298 P.3d 1102, 1117 (2013).
>
> "The evidence against Sellers was substantial and compelling, and we find no error on the part of the district court. When there are no errors, there can be no cumulative error."

*Sellers I*, 2013 WL 4404175, *4.

Petitioner's cumulative error argument to this Court is unpersuasive. He does not argue that the KCOA's holding that there was no cumulative error was contrary to clearly established Federal law, involved an unreasonable application of clearly established Federal law, or was based on an unreasonable determination of the facts in light of the evidence before the KCOA. (Doc. 24-1, p. 17-18.) Thus, he has not argued that he is entitled to federal habeas relief under the standards set forth in the relevant federal statute. *See* 28 U.S.C. § 2254(d). Rather, Petitioner asks the Court

to independently hold that he is entitled to federal habeas relief due to "the cumulative impact of the errors that occurred at his trial." *Id.* at 18.

"A cumulative-error analysis merely aggregates all the errors that individually have [been] found to be harmless, and therefore, not reversible, and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." *Bush v. Carpenter*, 926 F.3d 644, 686 (10th Cir. 2019) (internal quotation marks and citations omitted). But neither this Court nor the state courts have found any error in the trial at issue in this matter. As the KCOA held, where no error has been found, there can be no cumulative effect of multiple errors. *See Jackson v. Warrior*, 805 F3d 940, 955 (10th Cir. 2015) (citing *Thacker v. Workman*, 678 F.3d 820, 849 (10th Cir. 2012), for the statement that cumulative error analysis is proper only when there are at least two constitutional errors). Petitioner is not entitled to federal habeas relief on this ground.[4]

### Evidentiary Hearing

Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court determines that an evidentiary hearing is not required in this matter. "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Anderson v. Att'y Gen. of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record."). The record in this case is sufficient to resolve the issues now before the Court and it precludes habeas relief.

---

[4] The facts of this case—that Petitioner has established zero errors—mean that cumulative error cannot provide relief in this matter. Thus, the Court need not address or resolve Respondent's broader argument about whether the cumulative effect of multiple errors can *ever* provide a basis for federal habeas relief. (*See* Doc. 58, p. 12-14.)

**Conclusion**

For the reasons set out above, the Court concludes Petitioner is not entitled to federal habeas corpus relief in this matter. The KCOA applied the correct legal standards and reasonably determined the facts in the light of the evidence presented to it. Thus, the petition will be denied. Because the Court enters a decision adverse to Petitioner, it must consider whether to issue a certificate of appealability.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." With respect to procedural rulings that do not reach the merits of an underlying constitutional claim, the Court should issue a certificate of appealability "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a certificate of appealability. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason and, therefore, declines to issue a certificate of appealability as to the grounds on which relief was denied as procedurally defaulted.

With respect to the remaining grounds, which this Court denied on their merits, a certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. *See* 28 U.S.C. § 2253. Having considered the record, the Court finds Petitioner has not made a substantial showing of constitutional error in the state courts and declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for habeas corpus is denied. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 10th day of April, 2023, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge